## LEWIS GARRISON *et al.*

*v.*

## DUNCAN McGREGOR.

1.   GAMING—*what constitutes.*   Betting on a horse race is gaming, within the meaning of our statute which provides for recovering back money lost in gaming.

2.   MEASURE OF DAMAGES—*in action to recover back money lost in gaming.* Where parties betting upon a horse race, put the money in the hands of a stakeholder, who paid it over, a part to the winner and the residue to a third person, by direction of the winner, the losing party may recover the whole amount put up and lost by him, from the party with whom the bet was made and to whom he lost the money.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Messrs. McCOY & STEVENS, for the appellants.

Mr. JULIUS S. STARR and Messrs. JOHNSON & HOPKINS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action commenced before a justice of the peace of Peoria county and taken by appeal to the circuit court, wherein the appellee, McGregor, recovered a judgment against Lewis Garrison and Benjamin Garrison, of two hundred dollars, being money which the plaintiff had lost on a horse race, and paid over to them by the stakeholder, one Camp.

To reverse the judgment, the defendants take this appeal.

There is no question on the evidence that the plaintiff placed in the hands of Camp two hundred dollars, and the defendants an equal sum, the whole to belong to the owner

of the winning horse. Nor is there any doubt that the race was decided in favor of Garrison's horse, and that Camp paid over the money—one hundred dollars to Lewis Garrison, fifty dollars to Benjamin Garrison, and fifty dollars to Jeremiah Garrison—by direction of Benjamin. Under these circumstances, it is contended the plaintiff can not recover the whole amount he lost, of the defendants, but must sue each one for the portion he received.

That betting on a horse race is gaming, it is only necessary to refer to *Tatman* v. *Strader*, 23 Ill. 493, where it is distinctly decided.

It is only necessary, in disposing of this case, to advert to the instructions of the court, and to the evidence in the cause. Lemuel Garrison, the father of the boys, testified that Lewis and Benjamin made the bet, and Benjamin Garrison stated that he and Lewis had made up the race, and the plaintiff so testified likewise. It is wholly immaterial who put up the money for the Garrisons, the defendants. The plaintiff put up for himself two hundred dollars, and the jury found, under the instruction of the court, that the bet was made with the defendants, and the money lost to them. The fact that a third person may have received part of the money from the stakeholder is, therefore, immaterial. What private arrangement the defendants may have had with outside parties as to the distribution of the winnings can not affect the right of the plaintiff to recover back the money from the parties to whom he lost it, and with whom the bet was made.

There was no evidence before the jury that the bet was made jointly with Jeremiah Garrison, and, consequently, the second and third instructions asked by the defendants were properly refused.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*